# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 98-1909

_____

United States of America,     *
                            *

         Appellee,        *

                           *   Appeal from the United States

     v.                   *   District Court for the

                           *   District of North Dakota.

Mitchell Dean Cree,        *

                           *      [PUBLISHED]

         Appellant.       *

_____

Submitted: December 28, 1998
Filed: February 2, 1999

_____

Before FAGG, BEAM, and LOKEN, Circuit Judges.

_____

PER CURIAM.

On the morning of June 8, 1997, Mitchell Dean Cree, an American Indian, confronted his wife, who was in the process of obtaining a divorce, in front of her home on Indian trust land in North Dakota. Cree dragged his wife from her car and kicked and beat her repeatedly. Brandishing a knife, Cree forced her into the passenger side of her car and abducted her at knife point to an abandoned house not on Indian lands, where he handcuffed and raped her before returning her to her house. Cree's wife was treated for injuries including a cut on her face that required seventeen stitches and left a scar still visible at Cree's trial seven months later, a broken tooth that required extraction, and bruises all over her body. A jury convicted Cree of kidnapping, assault resulting in serious bodily injury, and interstate domestic violence

in violation of 18 U.S.C. §§ 113(a)(6), 1153, 1201(a)(2), and 2261(a), (b). Cree appeals his conviction and sentence. We affirm.

Cree attacks his conviction and sentence on the ground that his trial counsel provided ineffective assistance in preparing for and conducting the trial and sentencing hearing. We agree with the government that the record on direct appeal is not sufficiently developed to address these issues. Accordingly, they must be raised in a 28 U.S.C. § 2255 proceeding. See United States v. Santana, 150 F.3d 860, 863 (8th Cir. 1998).

In determining Cree's sentence, the district court[1] first grouped his three offenses and then determined his base offense level based upon the most serious offense, kidnapping. See U.S.S.G. § 3D1.4. When another offense is committed during a kidnapping, the sentencing court applies the offense section appropriate for the other offense if it is higher than 23, the base offense level for kidnapping. See U.S.S.G. § 2A4.1(b)(7)(A). Here, the court began with the base offense level for criminal sexual abuse, which is 27. See U.S.S.G. § 2A3.1; United States v. Barnett, 5 F.3d 795, 798-800 & n.6 (5th Cir.1993), cert. denied, 510 U.S. 1137 (1994). The court added a four-level increase for use or display of a dangerous weapon, see U.S.S.G. § 2A3.1(b)(1) (1997); a four-level increase because the scar on the victim's face was a permanent bodily injury, see U.S.S.G. § 2A3.1(b)(4)(A); and a four-level increase because of the abduction, see U.S.S.G. § 2A3.1(b)(5). The offense level of 39 resulted in a Guidelines sentencing range of 262 to 327 months. The court sentenced Cree to 262 months in prison and three years of supervised release.

On appeal, Cree first argues that the base offense level for criminal sexual abuse does not apply because the federal government had no jurisdiction over the sexual assault he committed outside of Indian country. However, the Guidelines specifically

[1]The HONORABLE PATRICK A. CONMY, United States District Judge for the District of North Dakota.

direct the sentencing court to consider state and local offenses when applying § 2A4.1(b)(7).  See U.S.S.G. § 2A4.1, comment. (backg'd.); United States v. Pollard, 986 F.2d 44, 46-47 (3d Cir.), cert. denied, 508 U.S. 956 (1997).  Cree next argues that the evidence was insufficient to support the four-level increases for use of a dangerous weapon and for inflicting a permanent injury.  We disagree.  Based upon the victim's testimony, the district court found "that a weapon was in fact used and that it was used to cut the victim on the face and that there is a result from that cut which fits the permanence requirements of the guidelines, particularly on the face of a relatively young woman."  These findings are not clearly erroneous.  See United States v. Saknikent, 30 F.3d 1012, 1013 (8th Cir. 1994) (standard of review); U.S.S.G. § 1B1.1, comment. (n.1(h)) (defining "[p]ermanent or life-threatening bodily injury" to include "an obvious disfigurement that is likely to be permanent").

The judgment of the district court is affirmed.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.