# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 02-2549

_____

United States of America,　　　　　*
　　　　　　　　　　　　　　　　*
　　　　　　　　Appellee,　　　　*　　Appeal from the United States
　　　　　　　　　　　　　　　　*　　District Court for the District
　　　v.　　　　　　　　　　　　*　　of South Dakota.
　　　　　　　　　　　　　　　　*
Alvin Ronald Allery, Jr.,　　　　*　　　　[UNPUBLISHED]
　　　　　　　　　　　　　　　　*
　　　　　　　　Appellant.　　　 *

_____

Submitted: November 6, 2002

Filed: November 12, 2002

_____

Before McMILLIAN, FAGG, and BOWMAN, Circuit Judges.

_____

PER CURIAM.

A jury found Alvin Ronald Allery, Jr. guilty of assaulting Timothy Carl Nelson with intent to do bodily harm, in Indian Country, in violation of 18 U.S.C. §§ 1153 and 113(a)(3). At sentencing, the district court imposed a 4-level enhancement for use of a dangerous weapon, see U.S.S.G. § 2A2.2(b)(2)(B); a 6-level enhancement because the victim had suffered permanent bodily injury, see U.S.S.G § 2A2.2(b)(3)(C); a 2-level increase for obstruction of justice, see U.S.S.G. § 3C1.1; a total offense level of 27; a Category I criminal history; and a resulting Guidelines range of 70-87 months imprisonment. The district court sentenced Allery to 87 months imprisonment and 3 years supervised release. This appeal followed.

Allery first argues the district court improperly denied his motion for a judgment of acquittal, because the evidence did not show Allery used a knife to assault Nelson. Based on our review of the trial testimony, see United States v. Stroh, 176 F.3d 439, 440 (8th Cir. 1999) (standard of review), we reject Allery's argument. One eyewitness testified Allery pulled a knife from his sock and cut Nelson, and another witness testified he saw Allery swing at Nelson with a knife, after which blood hit the ground. A police investigator testified a knife was recovered from the car in which Allery had fled the crime scene, and the car had blood on it, both inside and out. Finally, the emergency room physician who treated the victim testified Nelson had two facial lacerations consistent with knife wounds. See United States v. Phelps, 168 F.3d 1048, 1056 (8th Cir. 1999) (elements of conviction under § 113(a)(3)). The jury was entitled to discredit Allery's conflicting testimony he only pushed and did not stab Nelson. See United States v. Balanga, 109 F.3d 1299, 1301 (8th Cir. 1997).

Allery also argues the district court committed error at sentencing by applying the 2-level obstruction-of-justice enhancement and by determining Nelson had sustained a permanent or life-threatening injuring warranting the 6-level enhancement. Contrary to Nelson's view, the district court correctly applied the obstruction enhancement. The court specifically found Allery's trial testimony was material and intentionally false, and we conclude these findings are not clearly erroneous. See U.S.S.G. § 3C1.1, comment. (n.4(b) (perjury is conduct to which § 3C1.1 applies); United States v. Simms, 285 F.3d 1098, 1100 (8th Cir. 2002) (standard of review), petition for cert. filed, (U.S. Oct. 16, 2002) (No. 02-6922); United States v. Titlbach, 300 F.3d 919, 924 (8th Cir. 2002) (elements of perjury); United States v. Willis, 997 F.2d 407, 416 (8th Cir. 1993) (sua sponte obstruction enhancement), cert. denied, 510 U.S. 1050 (1994). The district court also did not commit clear error in finding Nelson suffered a "permanent" injury given the treating physician's testimony about the location, depth, and size of the lacerations (one of which involved multiple skin layers) on Nelson's face, and the 50 stitches that were

necessary. Further, at trial, the district court saw the victim and observed that the disfigurement from the knife cut was obvious and likely to be permanent. See U.S.S.G. §§ 2A2.2, comment. (n.1) (cross-referencing U.S.S.G. § 1B1.1 for definition of permanent or life-threatening bodily injury), 1B1.1, comment (n.1(g)) (definition); cf. United States v. Cree, 166 F.3d 1270, 1271-72 (8th Cir. 1999) (district court did not clearly err in finding injury was permanent where victim suffered broken tooth, bruises, facial cut requiring 17 stitches, and scar visible at trial 7 months later).

However, we note section 2A2.2(b)(3) expressly limits the cumulative increase under U.S.S.G. § 2A2.2(b)(2) and (b)(3) to 9 levels. See U.S.S.G. § 2A2.2(b)(3) ("*Provided*, however, that the cumulative adjustments from (2) and (3) shall not exceed 9 levels") (emphasis in original). Here, the district court imposed both a 4-level dangerous-weapon increase under section 2A2.2(b)(2) and a 6-level permanent-injury increase under section 2A2.2(b)(3)(C), for a total of 10 levels. The 9-level limit would result in a total offense level of 26 rather than 27, which would lower the Guidelines range to 63-78 months, a range below Allery's 87-month sentence. In these circumstances, we conclude the mistake is plain error, and we exercise our discretionary authority to correct it. See Fed. R. App. P. 52(b); United States v. Maynie, 257 F.3d 908, 919 (8th Cir. 2001), cert. denied, 534 U.S. 1151, and cert. denied, 122 S. Ct. 1333 (2002); United States v. Montanye, 996 F.2d 190, 192 (8th Cir. 1993).

Accordingly, we affirm Allery's conviction, and we reject his sentencing arguments. Having concluded it was plain error to impose a cumulative increase of 10 levels, and on that basis only, we vacate the sentence and remand to the district court to resentence Allery within a Guidelines range of 63-78 months.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.