*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206

ELECTRONIC CITATION: 2004 FED App. 0051P (6th Cir.)
File Name: 04a0051p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

---

UNITED STATES OF AMERICA,
*Plaintiff-Appellee,*

v.

RICHARD COLE, III (02-5839);
JONATHAN JOHNSON
(02-5840),
*Defendants-Appellants.*

Nos. 02-5839/5840

Appeal from the United States District Court
for the Western District of Tennessee at Jackson.
No. 01-10023—James D. Todd, Chief District Judge.

Argued: October 30, 2003

Decided and Filed: February 19, 2004

Before: MOORE and ROGERS, Circuit Judges;
FORESTER, Chief District Judge.*

---

* The Honorable Karl S. Forester, Chief United States District Judge for the Eastern District of Kentucky, sitting by designation.

2     *United States v. Cole, et al.*     Nos. 02-5839/5840

---

## COUNSEL

**ARGUED:** Jeff Mueller, LAW OFFICE OF JEFF MUELLER, Jackson, Tennessee, Bruce I. Griffey, OFFICE OF BRUCE IRWIN GRIFFEY, Memphis, Tennessee, for Appellants. James W. Powell, ASSISTANT UNITED STATES ATTORNEY, Jackson, Tennessee, for Appellee. **ON BRIEF:** Jeff Mueller, LAW OFFICE OF JEFF MUELLER, Jackson, Tennessee, Bruce I. Griffey, OFFICE OF BRUCE IRWIN GRIFFEY, Memphis, Tennessee, for Appellants. James W. Powell, ASSISTANT UNITED STATES ATTORNEY, Jackson, Tennessee, for Appellee.

---

## OPINION

---

FORESTER, District Judge. The Defendants, Richard Cole, III ("Cole") and Jonathan Johnson ("Johnson") appeal the sentences imposed on them by the U.S. District Court for the Western District of Tennessee pursuant to the 2001 United States Sentencing Guidelines ("U.S.S.G."), resulting from their convictions for kidnapping, assault, and the use of a firearm during a crime of violence.[1]

---

[1] The six-count indictment against the defendants consisted of the following: Count 1, conspiring to kidnap and sexually assault a Postmaster in violation of 18 U.S.C. § 1201(c); Count 2, kidnapping a Postmaster in violation of 18 U.S.C. § 1201(a)(5); Count 3, car-jacking a Postmaster's vehicle in violation of 18 U.S.C. § 2119; Count 4, assaulting a Postmaster with a weapon in violation of 18 U.S.C. § 111; Count 5, hindering and delaying a Postmaster's communication with law enforcement by threats of force and violence in violation of 18 U.S.C. § 1512(b)(3); Count 6, brandishing a firearm during a crime of violence in violation of 18 U.S.C. § 924(c). Pursuant to plea negotiations, Johnson and Cole pled guilty to Counts 2, 4, and 6 of the indictment. Counts 1, 3, and 5 were dismissed. Johnson received a total sentence of 489 months;

On appeal, Cole presents the following arguments: (1) the district court erred when it utilized U.S.S.G. § 2A3.1, instead of U.S.S.G. § 2A4.1 for the kidnapping offense; (2) the district court should not have granted a four-level sentence enhancement for abduction on a conviction for a kidnapping offense pursuant to U.S.S.G. § 2A3.1(b)(5); and (3) the district court wrongly refused to grant a downward departure for diminished capacity and aberrant behavior pursuant to U.S.S.G. §§ 5K2.13 and 5K2.20. Johnson contends that the district court erred when it increased his offense level by two points for obstruction of justice under U.S.S.G. § 3C1.1. In addition, both Cole and Johnson allege that the district court erred when it granted a three-level upward departure for extreme conduct in accordance with U.S.S.G. § 5K2.8. For the following reasons, we AFFIRM.

## I. JURISDICTION

The district court had jurisdiction pursuant to 18 U.S.C. § 3231. This Court has jurisdiction pursuant to 28 U.S.C. § 1291.

## II. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

At or around noon on May 1, 2001, the defendants entered the Bells, Tennessee U.S. Post Office. Cole and Johnson, who was armed with an unloaded .38 caliber pistol tucked into the front waist-band of his pants, forced the victim (a United States Postmaster) out of the building and into her vehicle, in which Cole and Johnson, along with their victim, fled the scene. For four hours, the defendants held the victim captive, driving the back roads surrounding Jackson, Tennessee, and taking turns sexually assaulting her. She was released around 4 p.m., whereupon she reported the crime. The defendants were arrested a short time later.

---

Cole was sentenced to a total of 319 months.

After her release, the victim gave two statements to Postal Inspector Katrina Chalmers. The statements provided the details of the defendants' activities as later set forth in the presentence investigation report. The victim stated that, prior to her release, Johnson found an insurance card in the glove box of her vehicle and told her that he had her address and would "send someone to kill her" if she told anyone about the incident. Johnson also repeatedly stated that he ought to kill her because she had seen his and Cole's faces.

The defendants pled guilty to kidnapping, assault, and the use of a firearm during a crime of violence, and a sentencing hearing was held for each defendant. With respect to Cole, the district court began with the kidnapping charge and proceeded to U.S.S.G. § 2A4.1.[2] However, that guideline,

---

[2]Although later amended, U.S.S.G. § 2A4.1. (2001) provided: Kidnapping, Abduction, Unlawful Restraint:

**(a)** Base Offense Level: 24
**(b)** Specific Offense Characteristics
**(1)** If a ransom demand or a demand upon government was made, increase by 6 levels.
**(2)** (A) If the victim sustained permanent or life-threatening bodily injury, increase by 4 levels; (B) if the victim sustained serious bodily injury, increase by 2 levels; or (C) if the degree of injury is between that specified in subdivisions (A) and (B), increase by 3 levels.
**(3)** If a dangerous weapon was used, increase by 2 levels.
**(4)(A)** If the victim was not released before thirty days had elapsed, increase by 2 levels.
**(B)** If the victim was not released before seven days had elapsed, increase by 1 level.
**(C)** If the victim was released before twenty-four hours had elapsed, decrease by 1 level.
**(5)** If the victim was sexually exploited: increase by 3 levels.
**(6)** If the victim is a minor and, in exchange for money or other consideration, was placed in the care or custody of another person who had no legal right to such care or custody of the victim, increase by 3 levels.
**(7)** If the victim was kidnapped, abducted, or unlawfully restrained during the commission of, or in connection with, another offense or escape therefrom; or if another offense was committed during the kidnapping, abduction, or unlawful restraint, increase to--

under (b)(7)(A), directed the court to refer to U.S.S.G. § 2A3.1[3] and impose sentence under that section if it resulted in a greater offense level. As a result, Cole received a higher base offense level. Additionally, pursuant to specific offense characteristic (b)(5) of U.S.S.G. § 2A3.1, the district court granted a four level sentence enhancement because the victim had been abducted. The district court also denied Cole's request for a downward departure for diminished capacity and

---

**(A)** the offense level from the Chapter Two offense guideline applicable to that other offense if such offense guideline includes an adjustment for kidnapping, abduction, or unlawful restraint, or otherwise takes such conduct into account; or
**(B)** 4 plus the offense level from the offense guideline applicable to that other offense, but in no event greater than level 43, in any other case, if the resulting offense level is greater than that determined above.

[3]U.S.S.G. § 2A3.1. Criminal Sexual Abuse; Attempt to Commit Criminal Sexual Abuse:
**(a)** Base Offense Level: 27
**(b)** Specific Offense Characteristics
**(1)** If the offense was committed by the means set forth in 18 U.S.C. § 2241(a) or (b), increase by 4 levels.
**(2)** (A) If the victim had not attained the age of twelve years, increase by 4 levels; or (B) if the victim had attained the age of twelve years but had not attained the age of sixteen years, increase by 2 levels.
**(3)** If the victim was (A) in the custody, care, or supervisory control of the defendant; or (B) a person held in the custody of a correctional facility, increase by 2 levels.
**(4)** (A) If the victim sustained permanent or life-threatening bodily injury, increase by 4 levels; (B) if the victim sustained serious bodily injury, increase by 2 levels; or (C) if the degree of injury is between that specified in subdivisions (A) and (B), increase by 3 levels.
**(5)** If the victim was abducted, increase by 4 levels.
**(6)** If, to persuade, induce, entice, or coerce a minor to engage in prohibited sexual conduct, or if, to facilitate transportation or travel, by a minor or a participant, to engage in prohibited sexual conduct, the offense involved (A) the knowing misrepresentation of a participant's identity; or (B) the use of a computer or an Internet-access device, increase by 2 levels.

aberrant behavior pursuant to U.S.S.G. §§ 5K2.13[4] and 5K2.20[5] because Cole's acts fell outside the language permitting such departure. Finally, the court departed upward three levels for extreme conduct based on U.S.S.G. § 5K2.8.[6] This resulted in a total sentence of 319 months.[7]

---

[4]U.S.S.G. § 5K2.13. Diminished Capacity (Policy Statement)
A sentence below the applicable guideline range may be warranted if the defendant committed the offense while suffering from a significantly reduced mental capacity. However, the court may not depart below the applicable guideline range if (1) the significantly reduced mental capacity was caused by the voluntary use of drugs or other intoxicants; (2) the facts and circumstances of the defendant's offense indicate a need to protect the public because the offense involved actual violence or a serious threat of violence; or (3) the defendant's criminal history indicates a need to incarcerate the defendant to protect the public if a departure is warranted, the extent of the departure should reflect the extent to which the reduced mental capacity contributed to the commission of the offense.

[5]U.S.S.G. § 5K2.20. Aberrant Behavior (Policy Statement)
A sentence below the applicable guideline range may be warranted in an extraordinary case if the defendant's criminal conduct constituted aberrant behavior. However, the court may not depart below the guideline range on this basis if (1) the offense involved serious bodily injury or death; (2) the defendant discharged a firearm or otherwise used a firearm or a dangerous weapon; (3) the instant offense of conviction is a serious drug trafficking offense; (4) the defendant has more than one criminal history point, as determined under Chapter Four (Criminal History and Criminal Livelihood); or (5) the defendant has a prior federal, or state, felony conviction, regardless of whether the conviction is countable under Chapter Four.

[6]U.S.S.G. § 5K2.8. Extreme Conduct (Policy Statement)
If the defendant's conduct was unusually heinous, cruel, brutal, or degrading to the victim, the court may increase the sentence above the guideline range to reflect the nature of the conduct. Examples of extreme conduct include torture of a victim, gratuitous infliction of injury, or prolonging of pain or humiliation.

[7]The sentence breaks down in the following manner: 235 months on Count 2, kidnapping; 120 months on Count 4, assault, to run concurrent with Count 2; and 84 months on Count 6, the firearm charge, to run

With regard to Johnson, the district court increased his offense level two points for obstruction of justice pursuant to U.S.S.G. § 3C1.1[8] because of the threats he made to the victim prior to releasing her. Additionally, as it had done with regard to Cole, the court departed upward three levels for extreme conduct based on U.S.S.G. § 5K2.8. Johnson was ultimately sentenced to a term of 489 months.[9]

## III.    DEFENDANT COLE

### A.    Appropriateness of Sentencing Guideline Used

Defendant Cole was indicted and pled guilty to a violation of 18 U.S.C. § 1201(a)(5), which proscribes the offense of kidnapping. The U.S.S.G. Appendix A, Statutory Index, specifies the offense guideline section in Chapter Two applicable to the statute of conviction. The proper guideline specified by the index for a violation of 18 U.S.C. § 1201 is set out at § 2A4.1, and specifies a base offense level of 24. This guideline provides in part that:

> if the victim was kidnapped, abducted, or unlawfully restrained during the commission of, or in connection with, another offense . . . or if another offense was

---

consecutive with Counts 2 and 4.

[8]U.S.S.G. § 3C1.1. Obstructing or Impeding the Administration of Justice

> If (A) the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice during the course of the investigation, prosecution, or sentencing of the instant offense of conviction, and (B) the obstructive conduct related to (i) the defendant's offense of conviction and any relevant conduct; or (ii) a closely related offense, increase the offense level by 2 levels.

[9]The sentence breaks down in the following manner: 405 months on Count 2, kidnapping; 120 months on Count 4, assault, to run concurrent with Count 2; and 84 months on Count 6, the firearm charge, to run consecutive with Counts 2 and 4.

committed during the kidnapping, abduction, or unlawful restraint, increase to- (A) the offense level from the Chapter Two offense guideline applicable to that other offense if such offense guideline includes an adjustment for kidnapping, abduction, or unlawful restraint . . . if the resulting offense level is greater than that determined above.

U.S.S.G. § 2A4.1(b)(7). The guideline also provides, at U.S.S.G. § 2A4.1(b)(5)(A), for an increase of three points if the victim was sexually exploited.

This Court utilizes a *de novo* review with respect to a sentencing court's interpretation of the United States Sentencing Guidelines, and a clearly erroneous standard with respect to factual findings. *See United States v. Kimble,* 305 F.3d 480, 485 (6th Cir. 2002); *United States v. Denton*, 246 F.3d 784, 789 (6th Cir. 2001); *United States v. Scott*, 74 F.3d 107, 111 (6th Cir. 1996).

The defendants' victim, after being kidnapped, was forcibly raped at gunpoint. The offense guideline for criminal sexual assault is U.S.S.G. § 2A3.1, which specifies a base offense level of 27 and includes an adjustment for kidnapping, abduction, or unlawful restraint as a specific offense characteristic. The district court, applying the specific offense characteristics of U.S.S.G. § 2A3.1(b)(1) and 2A3.1(b)(5), determined the resulting offense level to be 35. The court concluded that because the offense level under U.S.S.G. § 2A3.1 was greater than the base offense level under § 2A4.1, § 2A4.1(b)(7) required the use of § 2A3.1 and prohibited the application of § 2A4.1. Cole argues that this conclusion was erroneous.

While this Court has not yet addressed this issue, each and every one of the courts of appeals that has done so has determined the use of U.S.S.G. § 2A3.1 to enhance a sentence for kidnapping to be appropriate. We are inclined to agree with the circuits that have heretofore so held, and thus the

district court was correct in proceeding from U.S.S.G. § 2A4.1(b)(7)(A) to U.S.S.G. § 2A3.1.[10] As the Court in *U.S. v. Galloway*, 963 F.2d 1388 (10th Cir.1992), reasoned:

> We find that § 2A4.1(b)(5) is not ambiguous. When a victim is kidnapped in order to facilitate the commission of another offense, § 2A4.1(b)(5) directs the sentencing court to apply the guideline with the higher offense as between the kidnapping guideline and the guideline for the other offense. The background notes to § 2A4.1 explain:

---

[10] *See United States v. Michaud,* 268 F.3d 728, 738-39 (9th Cir. 2001)(upholding actions of district court identical to those here at issue: "Section 2A4.1(b)(7) states unambiguously that the offense level calculation from the other offense committed during a kidnapping is to apply 'if the resulting offense level is greater than that determined' using § 2A4.1"); *United States v. Rice,* No. 00-4594, 2001 WL 108768 (4th Cir. Feb. 8, 2001); *United States v. Cree,* 166 F.3d 1270 (8th Cir. 1999)(upholding district court's application of § 2A3.1 base offense level for criminal sexual abuse, rather than the lower base offense level of 2A4.1 for kidnapping, even though sexual assault was committed outside of federal territorial jurisdiction); *United States v. Lewis,* 115 F.3d 1531 (11th Cir. 1997); *United States v. Pollard,* 986 F.2d 44, 46 (3rd Cir. 1993) (upholding conviction and ruling of district court that applied sentencing guideline for criminal sexual abuse to a defendant convicted of conspiracy to kidnap even though he was not charged with an assault offense, stating: "There is no statutory or constitutional requirement that a defendant be convicted of conduct before the conduct may be considered in sentencing."); *United States v. Anderson,* 5 F.3d 795 (5th Cir. 1993)(though this court had not previously applied U.S.S.G. § 2A4.1(b)(7) in the criminal sexual abuse context, it had approved the section-switching provision of the guideline and cited as authority cases of the Third and Tenth Circuits listed herein); *United States v. Galloway,* 963 F.2d 1388, 1391 (10th Cir. 1992)("The Sentencing Commission's intent to apply the higher of the two guidelines is unmistakable. . . . The fact that a defendant may have committed a second additional offense cannot relieve him from responsibility for the more serious of the offenses. If that were the case, a defendant would receive a benefit from the fact that he chose to commit an additional offense").

> An enhancement is provided when the offense is committed for ransom or to facilitate the commission of another offense. Should the application of this guideline result in a penalty less than the result achieved by applying the guideline for the underlying offense, apply the guideline for the underlying offense (*e.g.* § 2A3.1, Criminal Sexual Abuse).
>
> The Sentencing Commission's intent to apply the higher of the two guidelines is unmistakable.

*Id.* at 1391.

It could be argued that U.S.S.G. §§ 2A4.1 and 2A3.1 overlap to such an extent that a feasible alternative means of sentencing would be to use § 2A4.1 and then add three levels for sexual exploitation under specific offense characteristic (b)(5) of that guideline. However, the general application principles of the U.S.S.G. in the section titled, "Application Instructions," require that, "[w]here two or more guideline provisions appear equally applicable, but the guidelines authorize the application of only one such provision, use the provision that results in the greater offense level." U.S.S.G. § 1B1.1, Application Note 5. This statement dispels with any need to determine which allegedly conflicting section controls. Clearly, the provision resulting in the greater offense level is U.S.S.G. § 2A3.1. As a result, the correct guideline was used.

### B. The Four-Level Sentence Enhancement for Abduction under U.S.S.G. § 2A3.1(b)(5)

The district court sentenced Cole for the crime of kidnapping. However, in so doing, it correctly employed U.S.S.G. § 2A3.1 as the offense guideline, thereby ultimately sentencing him for criminal sexual assault and abduction. Cole asserts that the district court's use of the specific offense characteristic (b)(5) of U.S.S.G. § 2A3.1, which calls for an increase of four from the base offense level when the victim

was abducted, is an impermissible double counting because an essential element of kidnapping is abduction. Cole argues that the four level enhancement "would enhance for the very action which defines the crime itself." Appellant's Br. at 10.

As noted above, this Court reviews a district court's application of the sentencing guideline *de novo,* while factual findings are upheld unless they are clearly erroneous. *See United States v. Weekly,* 130 F.3d 747, 750 (6th Cir. 1997).

This Court has held, albeit on different facts, that "impermissible 'double counting' occurs when precisely the same aspect of a defendant's conduct factors into his sentence in separate ways." *United States v. Farrow,* 198 F.3d 179, 193 (6th Cir.1999) (citing *United States v. Perkins,* 89 F.3d 303, 310 (6th Cir.1996)). Applying this established tenet to the instant case, it is clear that no impermissible double counting has occurred. Cole was convicted of kidnapping. Appropriately, the district court proceeded to U.S.S.G. § 2A4.1 as the applicable sentencing guideline with respect to kidnapping. That section required the court to proceed to U.S.S.G. § 2A3.1. The district court sentenced Cole for criminal sexual assault and increased the base offense level by four pursuant to U.S.S.G. § 2A3.1(b)(1) because the offense involved the use of force, and again by four pursuant to U.S.S.G. § 2A3.1(b)(5) because he had abducted his victim. It cannot be said that the district court took into account Cole's act of kidnapping when it turned to U.S.S.G. § 2A3.1. Clearly, kidnapping and sexual assault are two independent and separate crimes, and should be considered separately at sentencing.[11]

---

[11]This Court is also guided by the Fifth Circuit decision in *United States v. Anderson,* 5 F.3d 795 (5th Cir. 1993), in finding that the district court herein properly applied the complained-of four level enhancement under U.S.S.G. § 2A3.1(b)(5). *Anderson* presented facts similar to those in the instant matter, where the defendant likewise argued that the district court engaged in "impermissible double counting" when, after beginning with U.S.S.G. § 2A4.1, and turning to U.S.S.G. § 2A3.1, the district court

## C.  Diminished Capacity and Aberrant Behavior

Although "a district court's discretionary decision not to depart downward from the Guidelines range ordinarily is not appealable," an appeal is allowed "when the district court believed that it lacked any authority to depart downward as a matter of law." *United States v. Burke,* 237 F.3d 741, 743 (6th Cir. 2001).

### 1.  Diminished Capacity

At Cole's sentencing hearing, the district court concluded that, based on expert trial testimony, Cole suffered from diminished capacity. However, the district court denied a downward departure from the applicable sentencing guideline, finding that the guideline limitations prohibited such a departure.

U.S.S.G. § 5K2.13, titled "Diminished Capacity," states that the district courts have the discretion to grant a downward departure from the applicable sentencing guidelines "if the defendant committed the offense while suffering from a significantly reduced mental capacity." U.S.S.G. § 5K2.13. However, this policy statement is limited, in that the district court has no such discretion if "the

---

enhanced the sexual abuse base offense level for the abduction of the victim. *Id.* at 799. The defendant argued that "the court already took the kidnapping offense into consideration when it began its calculations with section 2A4.1, the kidnapping guideline." *Id.*

The Fifth Circuit summarily rejected this argument. It stressed that the Sentencing Guidelines "expressly provide that an entire guideline shall be applied upon reference from another guideline." *Id.* The court cited U.S.S.G. § 1B1.5(a), which states that "[a] cross reference ( an instruction to apply another guideline) refers to the entire offense guideline (*i.e.,* the base offense level, specific offense characteristics, cross references, and special instructions.)" U.S.S.G. § 1B1.5(a). As a result of this language, the court concluded that the district court had not erred in its application of the Sentencing Guidelines and hence, there was no impermissible double counting. *Anderson*, 5 F.3d at 799.

facts and circumstances of the defendant's offense indicate a need to protect the public because the offense involved actual violence or a serious threat of violence." U.S.S.G. § 5K2.13.

A crime of violence includes any offense that "(1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or (2) . . . otherwise involves conduct that presents a serious potential risk of physical injury to another." U.S.S.G. § 4B1.2(a).[12] Cole was convicted of kidnapping under 18 U.S.C. § 1201, assault under 18 U.S.C. § 111, and use of a firearm during a crime of violence pursuant to 18 U.S.C. § 924(c).

Although the crime of kidnapping lacks the element of use or threat of use of physical force against another, it falls under that language of U.S.S.G. § 4B1.2(a)(2), as it involves "conduct that presents a serious potential risk of physical injury to another." U.S.S.G. § 4B1.2. The use of force is integral to a conviction for assault, as 18 U.S.C. § 111 is violated when one "forcibly assaults . . . any person . . ." 18 U.S.C. § 111. *Vis a vis* the firearm charge, Cole pled guilty to a violation of 18 U.S.C. § 924(c). That section states that "[a]ny person who, during and in relation to *any crime of violence* . . . uses or carries a firearm" will, in addition to being punished for the underlying crime, be punished for incorporating a firearm into the commission of the crime. 18 U.S.C. § 924(c)(emphasis added). Because 18 U.S.C. § 924(c) is only violated if a gun is used in connection with a "*crime of violence,*" it is inherent that a conviction thereunder "involves" a crime of violence. It is thus clear that each of the offenses for which Cole was convicted meets the definition of a "crime of violence" under U.S.S.G. § 4B1.2(a), and the district court was correct in concluding

---

[12]This Court has held that the definition of "crime of violence" within U.S.S.G. § 4B1.2 "can be read in concert with § 5K2.13," thereby providing guidance as to what does and does not constitute a violent offense. *United States v. Clements,* 144 F.3d 981, 982 (6th Cir. 1998).

that it lacked the discretion to grant a downward departure from the Sentencing Guideline.[13]

## 2. Aberrant Behavior

Cole advances the further argument that the district court erred in concluding that it lacked the authority to grant a downward departure in light of Cole's aberrant behavior. Based on the following review, this Court holds that the district court was correct in so concluding.[14] U.S.S.G. § 5K2.20 gives district courts the leeway to depart downward "in an extraordinary case if the defendant's criminal conduct

---

[13]Cole argues that the prohibition of downward departures in relation to violent crimes results in cruel and unusual punishment with respect to defendants such as himself who possess limited functioning. Cole states in his brief that "[t]he very diminished capacity that he possesses limits his ability to comprehend and appreciate the differences between the commission of a violent and non-violent offense and the relative effects of sentencing as well." Appellant's Br. at 12. However, Cole neglects to cite even one authority supporting his constitutional argument, and thus this argument is deemed waived. *See, e.g., McPherson v. Kelsey,* 125 F.3d 989, 995-96 (6th Cir. 1997)("issues adverted to in a perfunctory manner, unaccompanied by some effort at developed augmentation, are deemed waived. It is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to . . . put flesh on its bones.")(quoting *Citizens Awareness Network, Inc. v. U.S. Nuclear Regulatory Comm'n,* 59 F.3d 284, 293-94 (1st Cir. 1995)). Furthermore, a majority of the courts of appeals have denied downward departures under U.S.S.G. § 5K2.13 in cases involving violent crimes, *see, e.g., U.S. v. Morin,* 124 F.3d 649 (4th Cir. 1997), *U.S. v. Thames,* 214 F.3d 608 (5th Cir. 2000); *U.S. v. Maddelena,* 893 F.2d 815 (6th Cir. 1989); *U.S. v. Mayotte,* 76 F.3d 887 (8th Cir. 1996); *U.S. v. Petitta,* 899 F.2d 1226 (9th Cir. 1990), whether the defendant suffered from diminished capacity or not. *See, e.g., U.S. v. Sullivan,* 75 F.3d 297 (7th Cir. 1996)(defendant unsuccessfully arguing that the denial of a downward departure on diminished capacity grounds violated his Due Process and Equal Protection rights).

[14]"[A] district court's determination that it lacked authority to depart downward is a matter of Guidelines interpretation that we review *de novo.*" *United States v. Burke,* 237 F.3d 74, 743 (6th Cir. 2001).

constituted aberrant behavior." U.S.S.G. § 5K2.20. However, this policy statement is limited in that no departure is permitted if "(1) the offense involved serious bodily injury or death; [or] (2) the defendant . . . used a firearm or a dangerous weapon." U.S.S.G. § 5K2.20.

The district court denied a downward departure with respect to the assault charge because the victim was raped - clearly a crime involving serious bodily injury. The district court apparently failed to specifically address the crimes of kidnapping and use of a firearm at sentencing, but again, no downward departure would be permitted for these crimes because Cole and his accomplice used a .38 caliber gun during the offense.

### D. Three-Level Upward Departure for Extreme Conduct

The district court deviated from the applicable sentencing guideline, and granted an upward departure of three levels based on U.S.S.G. § 5K2.8, titled "Extreme Conduct." Cole argues that his conduct did not constitute "extreme behavior," and asserts that none of the examples cited in U.S.S.G. § 5K2.8 (torture of a victim, gratuitous infliction of injury, or prolonging of pain or humiliation) apply to this case.

This Court reviews a district court's departure from the recommended Guidelines sentence under an abuse of discretion standard. *See, e.g., United States v. Baker,* 339 F.3d 400, 403 (6th Cir. 2003). Congress permits district courts to depart from the relevant guideline range if "there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission." *Koon v. United States,* 518 U.S. 81, 92 (1996)(quoting 18 U.S.C. § 3553(b)).

The policy statement in U.S.S.G. § 5K2.8, upon which the district court based its decision regarding the upward departure, provides district courts with discretion to increase

a sentence above the guideline range "[i]f the defendant's conduct was unusually heinous, cruel, brutal, or degrading to the victim," so as to "reflect the nature of the conduct." U.S.S.G. § 5K2.8. Examples of actions constituting "extreme conduct" include "torture of a victim, gratuitous infliction of injury, or prolonging of pain or humiliation." *Id.* In characterizing Cole's actions as involving extreme conduct, the district court noted the following aspects of the crime as relevant: (1) the victim was raped by more than one participant; (2) the sexual assaults were repeated over a four-hour period at gunpoint; (3) the victim's life was threatened; and (4) the "obvious terror" the victim must have felt. In sum, the district court characterized the crime as "an afternoon of terror" for the victim, finding that this was "more than the average rape victim has to deal with." J.A. at 215.

This Court has consistently affirmed district court decisions granting upward departures pursuant to U.S.S.G. § 5K2.8. *See, e.g., United States v. Sizemore,* No. 99-6321, 238 F.3d 425, 2000 WL 1871723, at * 1 (6th Cir., Dec. 12, 2000)(affirming four-level upward departure where drug conspirators tortured co-conspirator); *United States v. Davis,* 170 F.3d 617, 624 (6th Cir. 1999)(affirming eight-level upward departure where wire-fraud defendant intentionally inflicted psychological harm on elderly, sick telemarketing victims by being "loud, rude, obnoxious, [and] controlling"); *United States v. Harris,* 943 F.2d 53, 1991 WL 165586, at *3 (6th Cir. Aug. 27, 1991) (affirming ten and twelve-level departures where witness-tamperers abducted witness and raped witness's wife). It would appear from this line of cases that repeated sexual assaults by multiple participants over a four-hour period at gun point could be characterized as heinous, brutal, cruel and degrading to the victim. Furthermore, such assaults could be said to have included

"prolonging of pain or humiliation" under U.S.S.G. § 5K2.8.[15]

## IV. DEFENDANT/APPELLANT JOHNSON

### A. Two-Point Offense Level Increase for Obstruction of Justice

Defendant Johnson argues that the district court erred in increasing his offense level by two points for obstruction of justice under U.S.S.G. § 3C1.1. The district court found that when Johnson wilfully threatened the victim at a time when an investigation had commenced, he was in fact guilty of obstruction of justice under U.S.S.G. § 3C1.1.

This Court acknowledges that it has utilized two differing standards of review when examining a district court's application of U.S.S.G. § 3C1.1. The confusion on this issue proliferated following the Supreme Court's decision in *Buford v. United States,* 532 U.S. 59 (2001), in which the Court called for greater deference when reviewing a district court's "fact-bound" application of a sentencing guideline. *Id.* at 66. Thereafter, we have applied both a tri-partite standard of review and a more deferential clear-error standard. In *United States v. Middleton,* 246 F.3d 825, 845-46 (6th Cir. 2001), and *United States v. Camejo,* 333 F.3d 669 (6th Cir. 2003), we applied the three-part standard: "First we review the factual determinations made by the district court for clear error. Second, a district court's conclusion that a given set of

---

[15]Because U.S.S.G. § 2A4.1(b)(4)(C) reduces the offense level if the victim is released in less than 24 hours, Cole argues that the four hours involved here should be viewed as "abnormally short." However, Cole was not sentenced under U.S.S.G. § 2A4.1, and therefore that particular offense characteristic bears no application in this case. Furthermore, Application Note 5 of U.S.S.G. § 2A3.1, the relevant sentencing guideline, states that an upward departure may be warranted "[i]f a victim was sexually abused by more than one participant," and goes on to reference U.S.S.G. § 5K2.8. Therefore, it would appear that the fact of multiple participants, standing alone, warrants an upward departure.

facts constitutes obstruction of justice is a mixed question of law and fact that we review *de novo*. Finally, once a district court has determined that a defendant obstructed justice, then application of a two-level enhancement at that point is mandatory, and we review the enhancement *de novo*." *Middleton,* 246 F.3d at 846. However, in *United States v. Jackson-Randolph,* 282 F.3d 369 (6th Cir. 2002), we held that, in light of *Buford*, a clear error standard of review was "appropriate for reviewing sentencing decisions under § 3C1.1, where the sole issue before the district court is a fact-bound application of the guideline provisions," *Id.* at 390. We decline at this time to endorse a particular approach, as the district court's decision here is correct under either.[16]

The district court found that the threats made by Johnson to the victim fell squarely into the examples given in Application Note 4(a) of U.S.S.G. § 3C1.1; specifically that the defendant threatened the witness directly.[17] The district

---

[16]U.S.S.G. § 3C1.1, titled, "Obstructing or Impeding the Administration of Justice," provides that "[i]f (A) the defendant wilfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice during the course of the investigation, prosecution, or sentencing of the instant offense of conviction, and (B) the obstructive conduct related to (i) the defendant's offense of conviction and any relevant conduct; or (ii) a closely related offense, increase the offense level by 2 levels." Among the examples given of the conduct to which the adjustment applies is "threatening, intimidating, or otherwise unlawfully influencing a co-defendant, witness, or juror, directly or indirectly, or attempting to do so." U.S.S.G. § 3C1.1, Application Note 4(a).

[17]The Court also found that the threats fell within the language of Application Note 4(i), which says that the obstruction of justice enhancement applies also to "other conduct prohibited by obstruction of justice provisions under Title 18, United States Code." U.S.S.G. § 3C1.1, Application Note 4(i). The Court found that 18 U.S.C. § 1512(b) was violated by Johnson's conduct. 18 U.S.C. § 1512(b) is violated when one "knowingly uses intimidation or physical force, threatens, or corruptly persuades another person, or attempts to do so . . . with intent to (3) hinder, delay, or prevent the communication to a law enforcement

court did not err in finding that Johnson's threats to the victim were made in the hope that the victim would not report the crime to police, and thus constituted an obstruction of justice. *See United States v. Brown,* 237 F.3d 625 (6th Cir. 2001)(threats made by defendant to potential witness "substantively amount to obstruction of justice.") Johnson's victim reported that, toward the end of her captivity, Johnson found an insurance card in the glove box of her vehicle and told her that he had her address and would "send someone to kill her" if she told anyone about the incident. Johnson also repeatedly stated that he ought to kill her because she had seen his and Cole's faces.

As to whether Johnson wilfully obstructed justice, this Court concludes that he intentionally threatened the victim at a time when he knew or should have known that an investigation had probably commenced. When the victim was abducted she was the only employee at the post office. It seems implausible that Johnson did not consider that when the other employees returned from lunch, they would see that the post office was left abandoned, no note was left to explain the victim's absence, and all of the victim's belongings remained there except for her car keys. This conclusion is further bolstered by the fact that Johnson knew the victim was the only employee on duty at the time he and Cole were present at the post office, and went to the trouble of hiding the gun used in the crime. Finally, when Postal Inspector Chalmers asked Cole how he found out that the police were looking for him and Johnson, Cole stated that Johnson's sister had stopped them in the road and told them. This occurred before the victim was released. Therefore, because Johnson made threats constituting an obstruction of justice, and did so

officer . . . of information relating to the commission . . . of a Federal offense . . ." 18 U.S.C. § 1512(b). This Court has previously recognized that conduct prohibited by 18 U.S.C. § 1512 is an appropriate ground for a two-level increase for obstruction of justice under U.S.S.G. § 3C1.1. *See, United States v. Rahal,* 191 F.3d 642, 647 (6th Cir. 1999).

wilfully, this Court will affirm the district court's decision to enhance his sentence upward pursuant to U.S.S.G. § 3C1.1.

## B.   Three-Level Sentence Enhancement for Extreme Conduct

The district court deviated from the applicable sentencing guideline and granted an upward departure of three levels based on U.S.S.G. § 5K2.8, titled "Extreme Conduct," when calculating the total offense level with respect to Defendant Johnson.

The policy statement in U.S.S.G. § 5K2.8, upon which the district court based its decision regarding the upward departure, provides district courts with discretion to increase a sentence above the guideline range "[i]f the defendant's conduct was unusually heinous, cruel, brutal, or degrading to the victim," so as to "reflect the nature of the conduct." U.S.S.G. § 5K2.8. Examples of actions constituting "extreme conduct" include "torture of a victim, gratuitous infliction of injury, or prolonging of pain or humiliation." *Id.*

As it had done with respect to Defendant Cole, in characterizing Defendant Johnson's actions as involving extreme conduct, the district court noted the following aspects of the crime as relevant:  (1) the victim was raped by more than one participant; (2) the sexual assaults were repeated over a four-hour period at gunpoint; (3) the victim's life was threatened; and (4) the "obvious terror" the victim must have felt.  Johnson argues that to impose an upward departure based on the fact that the victim was sexually assaulted by more than one participant results in punishing Johnson for the actions of Cole.  However, Johnson fails to cite a single case to further develop this argument, and thus it is deemed waived. *See United States v. Corrado,* 304 F.3d 593, 611

n.12 (6th Cir. 2002).**[18]** Thus, this Court finds that the district court correctly granted an upward departure pursuant to U.S.S.G. § 5K2.8 and § 2A3.1.

## V.  CONCLUSION

Accordingly, we AFFIRM the judgment of the district court.

---

**[18]**That aside, Johnson's argument still fails. It is a clear tenet of American law that one *can* be held accountable for the acts of another conspirator. *See, e.g., Pinkerton v. U.S.,* 328 U.S. 640(1946)(overt acts of one co-conspirator in a conspiracy are in law the acts of all). The Third Circuit has also had no hesitation in granting an upward departure under U.S.S.G. § 2A3.1, Application Note 5, with its reference to § 5K2.8, based on sexual abuse by more than one participant. *United States v. Queensborough,* 227 F.3d 149 (3rd Cir. 2000).