# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 03-2483

_____

United States of America,              *

                                  *

         Appellee,         *    Appeal from the United States

                                  *    District Court for the District

   v.                      *    of South Dakota.

                                  *

Alvin Ronald Allery, Jr.,        *      [UNPUBLISHED]

                                  *

        Appellant.        *

_____

Submitted:  March 4, 2004

Filed:  March 8, 2004

_____

Before McMILLIAN, FAGG, and BOWMAN, Circuit Judges.

_____

PER CURIAM.

Alvin Ronald Allery, Jr., challenges the sentence imposed by the district court[*] at resentencing following our remand in United States v. Allery, 50 Fed. Appx. 795, 797 (8th Cir. 2002) (unpublished per curiam), for resentencing "within a Guidelines range of 63-78 months." On remand, Allery moved the district court to consider the victim's conduct as grounds for a downward departure, and to consider Allery's post-sentencing rehabilitative efforts and the victim's conduct when determining at what

_____

[*]The Honorable Charles B. Kornmann, United States District Judge for the District of South Dakota.

point within the Guidelines range to impose sentence. The district court resentenced Allery to 76 months imprisonment and 3 years supervised release. Allery's counsel has filed a brief under <u>Anders v. California</u>, 386 U.S. 738 (1967), raising a challenge to the court's denial of Allery's motion for departure. Allery has filed a pro se brief raising claims of ineffective assistance of trial counsel and appellate counsel.

We find the district court properly rejected the motion for a downward departure given the scope of our remand, <u>see</u> <u>United States v. Prestemon</u>, 953 F.2d 1089, 1090 (8th Cir. 1992), and the ineffective-assistance claims are not properly before us, <u>see</u> <u>Massaro v. United States</u>, 538 U.S. 500, 123 S. Ct. 1690, 1696 (2003); <u>United States v. Hughes</u>, 330 F.3d 1068, 1069 (8th Cir. 2003). We also find no nonfrivolous issues after having performed our independent review under <u>Penson v. Ohio</u>, 488 U.S. 75, 80 (1988). Accordingly, we affirm.

_____