NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 13a0005n.06

No. 12-1100

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
**Jan 02, 2013**
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| WILLIAM RASHAAD RICHMOND- | ) | COURT FOR THE WESTERN |
| HAIRSTON, | ) | DISTRICT OF MICHIGAN |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |

BEFORE:  MARTIN, SUHRHEINRICH, and GIBBONS, Circuit Judges.

PER CURIAM.  William Rashaad Richmond-Hairston, who is represented by counsel, appeals his sentence imposed following his guilty pleas to charges of possession of a firearm by a felon and possession with the intent to distribute marijuana.

Richmond-Hairston entered his guilty pleas pursuant to a plea agreement in which the government agreed to dismiss a third count of possession of a firearm in furtherance of a drug-trafficking crime, which would have resulted in an additional lengthy consecutive sentence.  The advisory sentencing guidelines range was calculated at 151 to 180 months of imprisonment, which included a two-level enhancement to the offense level for obstruction of justice.  Richmond-Hairston objected to the enhancement, without which his sentencing guidelines range would have been 130 to 162 months of imprisonment.  He also argued that a downward variance was warranted because

his criminal history was overstated; that he did not use the firearm and did not know that it was stolen; that he had a difficult childhood; and that he had made an effort to cooperate with the government.

These arguments were addressed at the sentencing hearing. The district court listened to a tape recording of telephone calls made by Richmond-Hairston to his mother from the jail following his arrest. During one of these phone calls, Richmond-Hairston lowered his voice, told his mother that the police were coming to search her house, which he had given as his address, and said that she should "get that . . . shit up out of there now." The district court concluded that it was "quite obvious" that Richmond-Hairston was referring to controlled substances that would be relevant conduct in this case, and that the investigation of his crime was ongoing at that time. Therefore, the court found that the obstruction of justice enhancement should be applied. However, the court also noted that it would have imposed the same sentence without the enhancement, due to the overlap in the guidelines ranges. The district court discussed the sentencing factors favorable to Richmond-Hairston, including his troubled childhood, his attempt at cooperation with the government, and his behavior while on bond, as well as the negative factors of Richmond-Hairston's criminal history and the need for the sentence to deter criminal conduct. The district court imposed a sentence of 151 months of imprisonment.

On appeal, Richmond-Hairston reasserts his argument that the enhancement for obstruction of justice was erroneous and argues that his sentence was also procedurally unreasonable because it was not at the bottom of the guidelines range applicable without the enhancement.

We review sentences for procedural and substantive reasonableness. *Gall v. United States*, 552 U.S. 38, 51 (2007). First, we "ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the [18 U.S.C.] § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence." *Id*. If no procedural error occurred, we "then consider the substantive reasonableness of the sentence imposed under an abuse-of-discretion standard." *Id.* A sentence may be substantively unreasonable "if the district court chooses the sentence arbitrarily, grounds the sentence on impermissible factors, or unreasonably weighs a pertinent factor." *United States v. Brooks*, 628 F.3d 791, 796 (6th Cir.), *cert. denied*, 131 S. Ct. 3077 (2011). When a sentence falls within the applicable guideline range, we afford it a rebuttable presumption of substantive reasonableness. *Id.*

Richmond-Hairston first argues that the enhancement to his offense level for obstruction of justice was improper. The government must prove an obstruction of justice by a preponderance of the evidence. *United States v. Dunham*, 295 F.3d 605, 609 (6th Cir. 2002). Whether reviewing the district court's finding of an obstruction of justice for clear error or de novo, *see United States v. Cole*, 359 F.3d 420, 430 (6th Cir. 2004), we conclude that the district court's finding was correct. "[D]irecting . . . another person to . . . conceal evidence that is material to an official investigation or judicial proceeding . . . , or attempting to do so" constitutes obstruction of justice under USSG § 3C1.1 cmt. n.4(D). The district court properly found that Richmond-Hairston's telephone call to his mother was obstruction of justice, correctly overruling his objections that it was not clear what he was referring to and that any evidence found would not have been relevant. Moreover, any error

by the district court would have been harmless because the court stated that it would have imposed the same sentence without the enhancement. *See United States v. McCarty*, 628 F.3d 284, 294 (6th Cir. 2010).

In his related second argument, Richmond-Hairston argues that his sentence is procedurally unreasonable because it is not at the low end of the guidelines range applicable without the enhancement for obstruction of justice. This argument reflects a fundamental misunderstanding of the sentencing process. The sentencing court does not consider the sentencing factors in order to choose a position on the guidelines range, but in order to choose a sentence that it believes is sufficient, but not greater than necessary, to fulfill the purposes of sentencing. The sentence chosen may fall at different positions on overlapping guidelines ranges, but this does not render the sentence unreasonable.

Accordingly, we affirm the district court's judgment.