NOT RECOMMENDED FOR PUBLICATION
File Name: 22a0017n.06

No. 20-4229

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**

Jan 07, 2022
DEBORAH S. HUNT, Clerk

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF OHIO |
| ROBERT L. HUDSON, | ) ) | |
| Defendant-Appellant. | ) ) | |

Before: GIBBONS, READLER, and MURPHY, Circuit Judges.

MURPHY, Circuit Judge. Before sentencing, defendants must file written objections to information in their presentence reports that they find inaccurate. Fed. R. Crim. P. 32(f)(1). If a defendant fails to object to a factual statement in the report, a district court at sentencing may treat this "undisputed portion" as a "finding of fact." Fed. R. Crim. P. 32(i)(3)(A). This case shows why these rules exist. Robert Hudson pleaded guilty to receiving child pornography. According to his presentence report, Hudson confessed to the police that he had sexually abused two children. The report thus proposed that Hudson receive a sentence enhancement for "engag[ing] in a pattern of activity involving the sexual abuse or exploitation of a minor[.]" U.S.S.G. § 2G2.2(b)(5). Hudson did not object to his presentence report, so the government did not introduce evidence of his sexual abuse at sentencing. On appeal, though, Hudson argues that the court wrongly relied on the presentence report alone without putting the government to its proof. Because of his failure

to object to the report, however, the district court could rely on it. We thus affirm Hudson's sentence.

I

Kik Messenger, a mobile app, allows people to communicate with one another and share photos and videos over their phones. In 2018, FBI agents learned that a user of this app had been distributing child pornography. A search of this person's residence revealed that he had communicated with, and sent child pornography to, another Kik user who went by "starlesdreamer" and who suggested that he lived in Ohio. Over the course of their conversations, these two individuals discussed abusing children and opined on the best methods to gain access to them in order to do so. Starlesdreamer also boasted to once having sexual contact with a 12-year-old boy (whom we will refer to as "Minor A"). He further asserted that he had attempted to "play" with the private parts of another infant boy but that the infant had been too young. (We will refer to this infant as "Minor B.")

Investigators subpoenaed Kik for information about starlesdreamer's account. They learned that this account had been accessed by IP addresses at the houses of Hudson's mother and aunt in West Carrollton and Dayton, Ohio. They also learned that the accountholder had chosen the profile name "R H" and that the email address associated with the account had posted a story on a different website under the name "Robert Hudson." They lastly learned that the West Carrollton Police Department had been investigating Hudson for sexual abuse.

On January 18, 2019, the police executed a search warrant at Hudson's Dayton home and seized his phone and other electronic devices. His phone had been used to access the starlesdreamer account, to download child-pornography images, and to search the internet for pedophilia-related topics. Investigators later obtained a warrant to search Hudson's Google and

email accounts and found additional internet searches about pedophilia and about how to seek psychiatric help for pedophilic urges.

During the search of his home, Hudson agreed to an interview with the police. He told investigators that he had exchanged child pornography with other Kik users and had discussed ways to lure children into engaging in sexual activity. Hudson also admitted to having sexual contact with Minors A and B. He acknowledged his longstanding attraction to Minor A and confessed "to touching the minor's penis on at least two occasions," which he also admitted "sexually aroused" him. Presentence Rep., at 17. Hudson described the details of these two incidents, which occurred six years apart when Minor A was 6 and 12. Hudson also admitted to inappropriately touching Minor B when the child was under 2. Hudson explained that, while changing Minor B's diaper, he "touch[ed] and play[ed] with Minor B's penis for a short period of time" and that he had been "sexually aroused by it." *Id.* at 18.

Hudson pleaded guilty to one count of receiving child pornography in violation of 18 U.S.C. § 2252(a)(2). In the plea agreement, he admitted that he had used the "starlesdreamer" Kik account to text with others about sexually abusing children and that he had communicated about his prior sexual contact with Minor A.

The probation office prepared a presentence report for Hudson. Based on Hudson's sexual contact with Minors A and B, this report recommended that he receive a five-level sentence enhancement for engaging in a pattern of activity involving the sexual abuse or exploitation of a minor. *See* U.S.S.G. § 2G2.2(b)(5). The report calculated Hudson's initial guideline range as 262 to 327 months. Because, however, his offense had a statutory maximum sentence of 240 months, the report identified that term as the guidelines sentence. *See* 18 U.S.C. § 2252(b)(1).

Hudson filed no objections to the presentence report's five-level enhancement or recommended sentence.

At sentencing, Hudson confirmed that he did not object to the presentence report. The district court thus adopted the report's calculations, including its use of the enhancement for Hudson's sexual abuse of Minors A and B.

The court and Hudson's counsel next debated how his abuse of these children should affect the court's balancing of the sentencing factors in 18 U.S.C. § 3553(a) and its consideration of the need to protect the public from Hudson. Hudson's counsel suggested that the record left unclear whether Hudson had molested the children, arguing that his boastings on Kik were not reliable and that he had been intoxicated when he confessed to the police during the search of his home. The court agreed that online statements like Hudson's are often unreliable because people in chatrooms "say whatever they feel is necessary . . . to establish a rapport" with others. Sent. Tr., R.45, PageID 186, 198. But the court found Hudson's case different because of his confession to the police. The court did not believe that his use of alcohol before this confession rendered it unreliable. The court noted further that Hudson's abuse of Minors A and B was even more problematic because he had been talking with others about ways to "gain[] access to additional victims." *Id.*, PageID 204–05.

The court nevertheless imposed a term of imprisonment significantly below the recommended guidelines sentence of 20 years. It reasoned that the guidelines governing child-pornography offenses are so "draconian" as to be "absurd." *Id.*, PageID 197. It thus imposed a below-guidelines sentence of 16 years' imprisonment. After issuing this sentence, the court asked Hudson if he had any other objections. Hudson did not.

II

Hudson now argues that the district court should not have imposed the five-level sentence enhancement for "engag[ing] in a pattern of activity involving the sexual abuse or exploitation of" Minors A and B. U.S.S.G. § 2G2.2(b)(5). If the court wrongly applied this enhancement, this error could render its sentence procedurally unreasonable and require a remand for resentencing under a properly calculated guidelines range. *See United States v. Riccardi*, 989 F.3d 476, 481 (6th Cir. 2021). But Hudson has failed to show error.

We ordinarily review this type of procedural-reasonableness challenge for an abuse of discretion. *United States v. Sands*, 4 F.4th 417, 420 (6th Cir. 2021). Under that standard, we would apply de novo review to the district court's resolution of legal issues (such as its interpretation of the phrase "pattern of activity" in § 2G2.2(b)(5)) and clear-error review to its findings of fact (such as its factual finding that Hudson had engaged in the sexual misconduct listed in the presentence report). *See id.*; *United States v. Thomas*, 933 F.3d 605, 608 (6th Cir. 2019). That said, if a defendant fails to preserve a procedural challenge in the district court, we will review the challenge only for plain error on appeal. *See United States v. Collins*, 860 F. App'x 405, 408 (6th Cir. 2021).

This plain-error standard applies here because Hudson did not object in the district court to the enhancement under § 2G2.2(b)(5). *See United States v. Hatcher*, 947 F.3d 383, 389 (6th Cir. 2020). To begin with, he did not file a written objection to the presentence report's proposed use of this enhancement. In addition, he and his lawyer confirmed at the beginning of the sentencing that he did not object to his presentence report. He also raised no objection to the enhancement throughout the sentencing hearing. At the end of the hearing, his lawyer even

reiterated that he had no further objections that he had not already raised. *See United States v. Vonner*, 516 F.3d 382, 385–86 (6th Cir. 2008) (en banc).

Hudson responds that his trial counsel did suggest to the district court that Hudson might not have abused the two children because his statements to other Kik users were unreliable. Yet his counsel made these comments in the context of discussing the appropriate sentence under the sentencing factors in § 3553(a), not when disagreeing with the enhancement in § 2G2.2(b)(5). To the extent that counsel really meant to challenge the enhancement, these arguments failed to alert the district court to the "true basis" for the objection. *United States v. Bostic*, 371 F.3d 865, 871 (6th Cir. 2004) (citation omitted). And we would encourage improper "sandbagging" of district courts if we held that the court in this case could not rely on Hudson's unambiguous representation that he did not object to the calculations in his presentence report. *See Puckett v. United States*, 556 U.S. 129, 134 (2009). Plain-error review thus applies.

This standard requires Hudson to prove that the district court erred by applying § 2G2.2(b)(5)'s enhancement to him, that this error was obvious, that it affected Hudson's substantial rights, and that it seriously affected his sentencing's fairness, integrity, or public reputation. *See Molina-Martinez v. United States*, 578 U.S. 189, 194 (2016). What is Hudson's claimed error? He does not challenge the district court's legal interpretation of § 2G2.2(b)(5). That is, he does not dispute that he would have "engaged in a pattern of activity involving the sexual abuse or exploitation of" Minors A and B if he engaged in the conduct that his presentence report asserts he confessed to. U.S.S.G. § 2G2.2(b)(5). So, unlike in other recent cases, we need not consider any interpretive questions related to § 2G2.2(b)(5)'s language. *Cf. United States v. Bishop*, 797 F. App'x 208, 211–12 (6th Cir. 2019); *United States v. Doutt*, 926 F.3d 244, 246–48 (6th Cir. 2019); *United States v. Ladeau*, 688 F. App'x 342, 348–50 (6th Cir. 2017).

Hudson instead challenges only the evidentiary basis for the district court's findings that he engaged in this sexual misconduct. He claims that the court wrongly found that he had committed sexual abuse based on nothing other than the presentence report and wrongly failed to require the government to present evidence of his sexual abuse of Minors A and B.

Given his litigation choices in the district court, however, the court did not err by relying on the presentence report. Under the Federal Rules of Criminal Procedure, a court "may accept any undisputed portion of the presentence report as a finding of fact[.]" Fed. R. Crim. P. 32(i)(3)(A); *United States v. Nichols*, 802 F. App'x 172, 179 (6th Cir. 2020). To create a factual dispute requiring resolution by a district court, moreover, a defendant must provide evidence that places the report's findings into doubt. *See United States v. Cover*, 800 F.3d 275, 278 (6th Cir. 2015) (per curiam). The defendant cannot rely on a "bare denial" of factual representations in the report. *Id.* (quoting *United States v. Lang*, 333 F.3d 678, 681 (6th Cir. 2003)). Here, however, Hudson did not object to the presentence report's findings that he confessed to the police about his abuse of Minors A and B. So the court could "accept" the confession's existence and its contents without testimony from the relevant law-enforcement officers on the subject. Fed. R. Crim. P. 32(i)(3)(A). And again, Hudson does not dispute that his confession—if introduced through a proper evidentiary route—would have permitted the court to find § 2G2.2(b)(5)'s requirements satisfied. *See United States v. Richards*, 790 F. App'x 788, 789 (6th Cir. 2020).

Allowing defendants to accept factual findings in presentence reports may often benefit them. They may "prefer that the sentencing judge *not* review the evidence for fear that . . . it will lead the judge to impose a harsher sentence." *United States v. Nichols*, 943 F.3d 773, 775 n.1 (6th Cir. 2019). Suppose, for example, that overwhelming evidence showed that a defendant engaged in especially horrendous sexual abuse of infants. *Cf. id.* at 774. The defendant might believe it is

better to have the court merely accept the presentence report's findings than have the government introduce at sentencing, say, a victim's testimony. If, however, we adopt Hudson's argument that courts may not rely on factual representations in presentence reports even when defendants do not object to them, other defendants could not make this choice between accepting the report's findings or putting the government to its proof. The government would have to present the evidence at every sentencing. *Cf. Old Chief v. United States*, 519 U.S. 172, 190–92 (1997).

Hudson's contrary arguments lack merit. He cites many cases in which we have noted that district courts cannot treat factual representations in presentence reports as the actual facts unless the government supports the representations with sufficient proof at sentencing. *See, e.g.*, *United States v. Traylor*, 511 F. App'x 449, 452 (6th Cir. 2013); *United States v. Tarwater*, 308 F.3d 494, 518 (6th Cir. 2002). But this caselaw concerns factual representations that a defendant has *contested*. *See, e.g.*, *Tarwater*, 308 F.3d at 518; *see also* Fed. R. Crim. P. 32(i)(3)(B). Hudson did not contest his presentence report, so the caselaw does not apply here. The district court thus properly relied on the representations made in Hudson's presentence report.

We affirm.