NOT RECOMMENDED FOR PUBLICATION
File Name: 24a0174n.06

Case Nos. 23-3482/3668

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

FILED
Apr 19, 2024
KELLY L. STEPHENS, Clerk

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
|    Plaintiff-Appellee, | ) | |
| | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR |
| | ) | THE SOUTHERN DISTRICT OF |
| JAMES A. BETHEL, | ) | OHIO |
|    Defendant-Appellant. | ) | |
| | ) | OPINION |

Before: COLE, CLAY, and THAPAR, Circuit Judges.

THAPAR, Circuit Judge. While executing a warrant to search all electronic devices at a residence, officers found child pornography on James Bethel's cell phone. Bethel argues the warrant didn't support the search of his phone. We disagree. But the district court imposed restitution without calculating the victim's losses, so we affirm in part, vacate in part, and remand for further proceedings.

I.

As part of a child pornography investigation, a law enforcement officer observed a social media user named "boninick63" share images and videos of child sexual abuse online. Officers determined the account belonged to "Nick Bonavita" and focused their efforts on him. Bonavita's account logged in from two IP addresses. One IP address came from a cell phone tied to Bonavita. The other IP address was registered to a "Barb Bethel" at a mobile home on Sioux Court in

southern Ohio.  Police knew from employment records that Bonavita resided at that mobile home.  Although it's unclear whether officers knew this at the time, Bonavita's uncle, James Bethel, also lived there.

Based on this information, officers obtained a warrant to search the mobile home.  The warrant authorized the search and seizure of any computers and cell phones located on the premises that could be used to display child pornography.

Bethel was present when officers executed the search warrant.  After agreeing to a voluntary interview, Bethel asked officers to retrieve his unlocked cell phone from his bedroom.  Officers then searched Bethel's phone and found child pornography.  Upon obtaining another warrant, officers searched Bethel's online storage accounts and discovered more child pornography, as well as evidence that someone attempted to delete files after the initial search.

The United States charged both Bonavita and Bethel with child pornography offenses.  Bonavita pled guilty.  Bethel moved to suppress the evidence found on his phone, arguing that the warrant's scope exceeded the probable cause supporting it.  The district court denied the motion, explaining there was probable cause to search all phones at the mobile home.  The court held a bench trial and found Bethel guilty of possessing child pornography, receiving and distributing child pornography, and destroying records in a federal investigation.  The district court sentenced Bethel to 60 months' imprisonment.  Over Bethel's objection, the court also imposed $3,000 in restitution.  The government didn't introduce evidence quantifying the harm Bethel caused his victims.  But the court, acknowledging that "the specific magnitude of the loss [was] not well-documented," nonetheless concluded that $3,000 was the default mandatory amount because the victim's loss was "obviously greater than a penny."  *See* 18 U.S.C. § 2559(b)(2)(B).  Bethel now appeals, challenging (1) the denial of his suppression motion and (2) the restitution order.

II.

A.

Bethel appears to make two arguments challenging the warrant. First, he suggests the warrant's terms only covered Bonavita's devices—not his. Second, even if the warrant did include his phone, Bethel argues probable cause didn't support that inclusion.

The first argument is unavailing. The warrant authorized the search of "any and all computer software" and "[c]omputer(s), including cell phones" found at the Sioux Court address that may be used to access child pornography. R. 21-1, Pg. ID 81. Bethel's phone falls within that description: police found it at the Sioux Court address, and it could've been used to access child pornography. Thus, the warrant covered his phone.

Bethel next argues officers didn't have probable cause to search his phone. The Fourth Amendment requires search warrants to be supported by probable cause. U.S. Const. amend. IV. And probable cause exists if there's a "fair probability" that evidence of a crime will be found at the location to be searched. *United States v. Berry*, 565 F.3d 332, 338 (6th Cir. 2009) (citation omitted).

Here, police had probable cause to believe evidence of child pornography would be found on any phone in the mobile home, including Bethel's. The IP address used to share child pornography was tied to the Sioux Court mobile home where Bonavita and Bethel lived. Our circuit has repeatedly held in child pornography cases that this fact alone shows that probable cause existed to issue a valid search warrant for the search of electronic devices found in the residence. *See United States v. Hinojosa*, 606 F.3d 875, 885 (6th Cir. 2010); *cf. United States v. Gillman*, 432 F. App'x 513, 515 (6th Cir. 2011); *United States v. Wager*s, 452 F.3d 534, 539 (6th Cir. 2006); *United States v. Richards*, 659 F.3d 527, 538–40 (6th Cir. 2011). But the warrant affidavit went

further. It noted that digital files can easily be shared across devices. An officer testified that child pornographers often use aliases—supporting the conclusion that Bonavita might not be the only responsible party. And the warrant confirmed any device connected to the premises's wireless network would use the same IP address associated with the illegal activity. In sum, this evidence is more than enough to authorize searching Bethel's phone.

To be sure, the affidavit focused specifically on Bonavita and didn't mention Bethel. Bethel argues that shows officers only had probable cause to search Bonavita's devices. But that's not the case. To see why, compare two different warrant applications. One contains information tying child pornography to the Sioux Court IP address and doesn't mention any identifying information, phone numbers, or account usernames. Under our precedent, that would establish probable cause to search all electronic devices at the residence. *Hinojosa*, 606 F.3d at 885; *Richards*, 659 F.3d at 538–40. Now imagine another warrant application. This time, in addition to connecting child pornography to the IP address, it provides information linking the pornography to a specific resident. According to Bethel, that *stronger* evidence should lead to a *weaker* search warrant. We decline to create a perverse incentive by telling officers the more information they provide, the weaker the probable cause.

In sum, the magistrate judge did not "arbitrarily" find probable cause to search any cell phones found at the residence. *United States v. Allen*, 211 F.3d 970, 973 (6th Cir. 2000) (en banc). Bethel's Fourth Amendment challenge therefore fails.

## B.

In response, Bethel makes three arguments. They are unavailing.

First, Bethel argues that, even if a warrant authorizes police to search a premises, police can't search every person who happens to be visiting. *Ybarra v. Illinois*, 444 U.S. 85, 91 (1979)

(visitors at a public tavern); *see also United States v. Crumpton*, 824 F.3d 593, 614–15 (6th Cir. 2016) (suggesting probable cause might need to exist separately for each residential unit in a multi-unit building). *But see United States v. Sissler*, No. 91-2113, 1992 WL 126974, at \*5 (6th Cir. June 10, 1992) (per curiam) (noting visitors may be searched if connected to the premises). And he argues that principle extends to his phone—the fact that his phone happened to be at the residence doesn't mean that police could search it. *See generally United States v. Vogl*, 7 F. App'x 810, 817–18 (10th Cir. 2001).

But these points of law don't apply here. Bethel wasn't just a visitor at the Sioux Court address. He lived there. *Cf. Ybarra*, 444 U.S. at 91; *Vogl*, 7 F. App'x at 818. Nor is there evidence the Sioux Court residence is subdivided into separate residential units. *Cf. Crumpton*, 824 F.3d at 614–15. And when a warrant authorizes the search of a single residence, police ordinarily can search "anywhere there is probable cause to believe an item described in the warrant might be found." *United States v. Parrish*, 942 F.3d 289, 293 (6th Cir. 2019); *Crumpton*, 824 F.3d at 614–15. That included Bethel's phone.

Second, Bethel argues that a bright-line rule automatically allowing the search of *any* phone at a shared residence goes too far. But that's not the rule here. The extent of probable cause depends on the nature of the crime being investigated. For instance, if officers obtain a warrant to search for evidence of a drug crime, a warrant might reasonably extend to all *physical* locations in the residence where drugs could be hidden. *See, e.g.*, *United States v. Ayers*, 924 F.2d 1468, 1480 (9th Cir. 1991). But it likely wouldn't extend to all electronic media. The converse is true here. *Cf. Richards*, 659 F.3d at 539. As the warrant notes, child pornography generally exists as an electronic medium. And it can easily be shared across multiple devices. So when, as here, an

affidavit's evidence ties child pornography distribution from a specific IP address to a specific residence, probable cause exists to search all devices at the residence.

Finally, Bethel gestures at the "unique" character of cell phones. Appellant Br. at 9. He notes that cell phones contain lots of highly private data. And he argues his privacy interests prevented officers from searching his phone. But this merely restates the question we've already answered. A valid warrant authorizes officers to perform searches that would otherwise violate someone's reasonable expectation of privacy. Because a warrant properly authorized officers to search cell phones at Bethel's shared residence, the search didn't offend the Fourth Amendment.

III.

Bethel next challenges the district court's restitution order. Both parties agree the district court erred in imposing restitution without calculating the victim's actual losses. And both parties agree we should vacate the restitution award. So do we. The Amy, Vicky, and Andy Child Pornography Victim Assistance Act requires courts to order restitution of at least $3,000 when a defendant is convicted of child pornography offenses. 18 U.S.C. § 2259(a), (b)(2)(B), (b)(4)(A). Before doing so, however, a district court must calculate the "full amount of the victim's losses." *Id.* § 2259(b)(2)(A); *see also id.* § 2259(b)(2)(B) ("*After* completing the determination *required* under subparagraph (A) . . . ." (emphasis added)). That step is important because a defendant's liability for a restitution order "shall be terminated" when the victim "has received restitution in the full amount of [his or her] losses." *Id.* § 2259(b)(2)(C). The initial calculation didn't occur here. So it was an error to impose restitution first.

The parties dispute whether the government can offer evidence to demonstrate the victim's losses on remand. According to Bethel, the government shouldn't get a "second bite at the apple." *United States v. Mukes*, 980 F.3d 526, 540 (6th Cir. 2020) (citation omitted). Under "special

circumstances," however, the government can introduce new evidence on remand. *Id.* at 539–40 (quoting *United States v. Goodman*, 519 F.3d 310, 323 (6th Cir. 2008)); *see also United States v. Richardson*, 948 F.3d 733, 738 (6th Cir. 2020) (noting remands are presumed to be general). One such circumstance arises when the district court "applies the wrong legal standard" in the proceeding below. *United States v. Doutt*, 926 F.3d 244, 248 (6th Cir. 2019). That's exactly what occurred here. The government argued the court could order $3,000 in restitution without calculating the victim's actual loss, and the district court incorrectly adopted that position. Because we clarify that a court must first calculate a victim's actual losses, the district court may, in its discretion, allow the government to introduce additional evidence establishing the victim's loss.

Arguing otherwise, Bethel suggests the government waived any argument that a victim suffered an actual loss. But the district court didn't rule on that waiver argument. So we leave it for the court to determine in the first instance. *See Kellom v. Quinn*, Nos. 20-1003/1222, 2021 WL 4026789, at *3 (6th Cir. Sept. 3, 2021).

*        *        *

We affirm the denial of Bethel's motion to suppress, vacate the district court's restitution order, and remand for further proceedings consistent with this opinion.